UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TYRON MORTON, :
:
        Plaintiff, :    Civ. No. 15-7888 (RBK) (KMW)
:
v. :
:
FEDERAL BUREAU OF PRISONS, et al., :    **OPINION**
:
        Defendants. :
:

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff, Tyron Morton, is a federal prisoner proceeding *pro se* with a civil rights complaint filed pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"). Previously, this matter was administratively terminated as plaintiff had not paid the filing fee and submitted an incomplete application to proceed *in forma pauperis*. Subsequently, plaintiff filed another application to proceed *in forma pauperis*. Accordingly, the Clerk will be ordered to reopen this case. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failing to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be permitted to proceed only on plaintiff's FTCA claim against the United States.

## II. BACKGROUND

The allegations of the complaint will be construed as true for the purposes of this screening Opinion. Plaintiff names several defendants in his complaint: specifically: (1) the Federal Bureau of Prisons; (2) Dr. Ruben B. Morales – Clinical Director F.C.I. Fairton; (3) M. Angud; (3) D. Basada; (4) J.T. Shartle – Warden F.C.I. Fairton; (5) J.L Norwood – Regional Director Northeast Region; (6) Harrell Watts – Central Office; (7) Cintron A. Miguel – MD U.S.P. Coleman; (8) Isaac L. Mitchell – MD U.S.P. Coleman; (9) Chipi – PA; (10) D.B. Drew – Warden U.S.P. Coleman; (11) M.J. Marberry - Regional Director Southeast Region; (12) L. Stephens; and (13) the United States of America.[1]

Plaintiff is currently incarcerated at F.C.I. Fairton, in Fairton, New Jersey, however, he was also previously incarcerated at U.S.P. Coleman II in Wildwood, Florida. Plaintiff states that he complained of a swollen right knee in 2012 that medical told him was due to arthritis. Plaintiff subsequently had surgery on his right knee in 2012. However, after surgery, while incarcerated at U.S.P. Coleman, plaintiff reinjured his right knee when he slipped. Plaintiff states that "the staff at USP Coleman II, the Warden at USP Coleman II, the Southeast Regional Director, and the Central Office Administrator have all denied plaintiff the recommend surgery to rebuild the right knee and had promised they would do the reconstruct surgery." (Dkt. No. 1 at p. 5) Plaintiff makes a similar allegation as to the defendants related to his incarceration at F.C.I. Fairton; indeed, he states that, "the staff at FCI-Fairton, the Warden at FCI-Fairton, the Northeast Regional Director, and the Central Office Administrator have all denied plaintiff the

---

[1] The caption of plaintiff's complaint does not name the United States as a defendant. However, it appears clear that plaintiff is seeking to name the United States as a defendant as well based on referring to it as a defendant in the body of the complaint. Therefore, the Court will order the Clerk to add the United States of America as a defendant in the caption of this action on the docket.

recommended surgery to rebuild the right knee and have promised they would do the reconstruct surgery." (*Id.*) Plaintiff further alleges that the defendants have ignored his pleas and complaints related to his knee pain and knee surgery.

Plaintiff states that the defendants have been deliberately indifferent and have violated his equal protection rights. Plaintiff states that his knee condition has gotten worse due to defendants actions (or inaction). Furthermore, plaintiff alleges that he has been denied pain medication. Plaintiff requests that he be awarded monetary damages.

### III.    LEGAL STANDARD

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil

3

actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard,* 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States,* 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

## IV.   DISCUSSION

A. <u>Deliberate Indifference</u>

Plaintiff argues in the complaint that he is entitled to damages because the defendants were deliberately indifferent to his serious medical needs; more specifically, his right knee condition.

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment... (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of

5

permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

 Plaintiff alleges in conclusory fashion that the defendants have denied recommended surgery for his right knee. He states in his affidavit that in June, 2012, he was diagnosed as having severe arthritis and that he if he did not have corrective surgery, his condition would get worse. However, plaintiff never indicates with any type of facial plausibility with specific facts that additional surgery was recommended. He does not state what procedure was recommended and what doctor recommended the surgery, merely that surgery was recommended in June, 2012. This Court finds such allegations to be conclusory and lacking the requisite level of facial plausibility support, such that they fail to satisfy the *Iqbal* standard. Based on the allegations of the complaint, plaintiff fails to state a claim against the defendants based on a failure to give plaintiff additional knee surgery. Accordingly, this claim against the defendants will be dismissed without prejudice.

 Plaintiff also alleges in conclusory fashion that the defendants have ignored his pleas and complaints requesting something for his pain. However, plaintiff does not indicate with any specificity to whom he made these requests and complaints, when they were made, and the specific reaction of each individual defendant to whom he is asserting such a claim of deliberate indifference. As such, the allegations of the complaint fail to state with the requisite level of facial plausibility under *Iqbal* a deliberate indifference claim for failing to treat plaintiff's knee

injury and pain. Plaintiff may correct these deficiencies in any amended complaint he may elect to file as the dismissal of his deliberate indifference claims will be dismissed without prejudice.

    B.  Equal Protection

Plaintiff also invokes the Equal Protection Clause in his complaint. More specifically, he states that "although the defendant's have been negligent towards the plaintiff with respect to his right knee replacement. Thus, plaintiff was treated in a detrimental, prejudicial, and biased way." (Dkt. No. 1 at p. 5) Later on in the complaint, plaintiff alleges that "the defendant's have simply ignored the plaintiff[']s repeated requests for medical treatment while treating others similarly situated differently . .. defendants has provided more than adequate care to others in the same situation as he is and creating a disparity, and liability interest in the process." (*Id.* at p. 6)

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe,* 457 U.S. 202, 216 (1982)). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that: (1) he is a member of a protected class; and (b) he was treated differently from similarly situated inmates. *See id.* Where the plaintiff does not claim membership in a protected class, he must allege arbitrary and intentional discrimination in order to state an equal protection claim. *See Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). Specifically, he must state facts showing that: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown,* 455 F.3d 225, 239 (3d Cir. 2006).

Plaintiff does not state that he is a member of a protected class in the complaint. Indeed, prison inmates are not members of a protected class. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) (stating that prisoners are not a suspect class) (citations omitted). Therefore, his equal protection claim can only proceed if he has sufficiently alleged facts under the "class-of-one" theory as stated in *Olech* and *Hill*.

Plaintiff's allegations fail under the *Iqbal* pleading standard to state a "class of one" equal protection claim. Indeed, his allegations related to this claim are conclusory and do not state with any facial plausibility that similarly situated people were treated differently by the defendants. Plaintiff does not name with any specificity any similarly situated person or people that were treated differently than him. Accordingly, plaintiff's equal protection claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

C. Federal Tort Claims Act

Plaintiff's complaint also seeks to bring a claim under the FTCA against the United States. The FTCA "operates as a limited waiver of the United States's sovereign immunity." *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). Under the Act, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. An incarcerated FTCA plaintiff may sue only the United States, may seek only monetary damages, and may not recover for mental or emotional damages in the absence of physical injury. *See* 28 U.S.C. § 1346(b)(1)-(2) (providing jurisdiction for "civil actions on claims against the United States, for money damages" and providing that incarcerated felons may not bring actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *CNA v. United States*, 535 F.3d 132, 138

n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA.").

A plaintiff suing under the Act must present the offending agency with notice of the claim, including a "sum certain" demand for monetary damages. *See White–Squire*, 592 F.3d at 457. "Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional." *Id.* (citing *United States v. Sherwood*, 312 U.S. 584, 587 (1941)). These requirements cannot be waived. *See id.* (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)).

Claims under the FTCA are governed by the substantive tort law of the state where the acts or omissions occurred, here. *See Sargent v. United States*, 620 F. App'x 69, 71 n.1 (3d Cir. 2015) (citing *Ciccarone v. United States,* 486 F.2d 253, 257 (3d Cir. 1973)). Thus, as an initial matter, Plaintiff must show the typical elements of the tort of negligence under New Jersey law: (1) that the defendant owed a duty of care to the plaintiff, (2) that the defendant breached that duty, (3) that the defendant's breach caused the plaintiff's injuries, and (4) that the plaintiff suffered damages. *See generally Natale v. Camden County Correctional Facility,* 318 F.3d 575, 579, n.3 (3d Cir. 2003); *Weinberg v. Dinger,* 524 A.2d 366, 373-74 (N.J. 1987).

At this early stage of the proceedings, this Court will permit plaintiff's FTCA claim to proceed. The United States shall remain free, however, to assert in response to the complaint, that plaintiff has failed to comply with the jurisdictional requirements of the FTCA and/or that plaintiff has failed to state a claim upon which relief may be granted.

## V. CONCLUSION

For the foregoing reasons, plaintiff's FTCA claim against the United States shall be permitted to proceed. The remaining of the complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. An appropriate order will be entered.


DATED: July 11, 2016                                  s/Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge